**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* JOHN DOE,<br><br>*Plaintiff-Relator,*<br><br>v.<br><br>ROTECH HEALTHCARE, INC. *et al.*,<br><br>Defendants. | Case No.  1:21-cv-02921-LGS |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The parties to this action (collectively, the "Parties," and individually, a "Party") have jointly moved this Court for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in the above-captioned action ("Lawsuit").

Having read and considered the Parties' Motion, and finding good cause shown, the Parties' motion is hereby [GRANTED]. The below provisions shall apply to all pretrial discovery in the Lawsuit.

## I.    DEFINITIONS

### A.  Designated Material

The term "Designated Material" shall mean any Discovery Material (as defined in Section I.C) designated by a Producing Party (as defined in Section I.F) as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraphs III.A to III.D below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations that reveal that information, shall be treated as and hereafter referred to as Designated Material.

**B. Confidential and Highly Confidential – Attorneys' Eyes Only**

1. "CONFIDENTIAL" comprises or contains information that (a) is not already in the public domain and (b) the Producing Party claims in good faith is necessary to protect the interests of information that is (1) proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; (2) is subject to a contractual duty of confidentiality owed to a third-party, or (3) constitutes personal health information under 45 C.F.R. § 160.103.

2. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" comprises or contains information that (a) is not already in the public domain and (b) the Producing Party claims in good faith constitutes extremely sensitive confidential or proprietary information such that there would be a real danger of significant prejudice to the Producing Party's business, personal, commercial, competitive, or financial interests if disclosed to persons other than those set forth in Section IV below and the risk of such harm could not be avoided by less restrictive means.

**C. Discovery Material**

The term "Discovery Material" shall mean any Document (as defined at Section I.D), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production and any documents produced in connection therewith, subpoenas, declarations, affidavits, letter, emails, deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

**D. Documents**

The term "Document" shall mean all writings, recordings, or photographic materials as described and defined in Local Civil Rule 26.3 and Rule 1001 of the Federal Rules of Evidence, including electronically stored information and data, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits. This Protective Order is not intended to, and shall not, expand, enlarge, or otherwise change any Party's obligations concerning the scope, limitations, and form of discovery as set forth in any Discovery Plan and Scheduling Order put in place in the Lawsuit.

### E. Party

The term Party shall refer to any plaintiff or defendant in the Lawsuit.

### F. Producing Party

The term "Producing Party" shall mean any Party to the Lawsuit or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for the Lawsuit.

### G. Receiving Party

The term "Receiving Party" shall mean any Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

## II. RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A. Scope

This Order shall encompass all Discovery Material produced during this Lawsuit except that this Order shall not encompass information that: (a) is lawfully in the possession of

3

or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party; (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party; or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B.  Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose.

### C.  Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D.  Discovery from Non-Parties

Information sought or obtained from a person not a Party to the Lawsuit ("non-party") shall be treated as Designated Material if requested by the non-party. Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Any Party may seek to challenge designations by a non-party after providing at least ten (10)

business days written notice to the non-party and agreeing that it will not object to the non-party

appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

## III.    DESIGNATION OF DISCOVERY MATERIALS

### A.  Limitation

The Parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and the protection it affords from public disclosure and use extends only

to the limited information or items that are entitled to confidential treatment under applicable law.

### B.  Effectiveness of Designations

The designation of any Producing Party as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the

Court orders otherwise or the Producing Party withdraws the designation.

### C.  Designation of Written Materials

With respect to the designation of any Discovery Material other than deposition transcripts and

exhibits, the Producing Person may designate by stamping or otherwise clearly marking the

protected portion in a manner that will not interfere with legibility or audibility.

### D.  Designation of Deposition Transcripts and Exhibits

With respect to deposition transcripts and exhibits, a Producing Party may designate such

portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

either by (a) indicating on the record during the deposition that a question calls for

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information, in which case the reporter will bind the transcript of the designated testimony

(consisting of question and answer) in a separate volume and mark it as "Confidential [or Highly

Confidential] Information Governed by Protective Order"; or (b) notifying the reporter and all

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "CONFIDENTIAL," unless any portions were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

### E. Timing of Designations

If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

### F. Disputes Regarding Designations

Any Party who objects to any designation of confidentiality may at any time serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II.B of Judge Schofield's Individual Rules and Procedures for Civil Cases.

## IV.     DISCLOSURE OF DESIGNATED MATERIALS

**A.** Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order may not be disclosed to any other person whomsoever, except to:

a.   the Parties to this action, their insurers, and counsel to their insurers;

b.   Government Employees, attorneys, or agents of the United States or any State named in this litigation, to extent reasonably necessary with respect to the pursuit of the Action;

c.   counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

d.   outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

e.   any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.   as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

g.   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and further

7

provided that if such person declines to sign such form, the Parties shall reasonably confer as to how to proceed and may, if unable to reach agreement, apply to the Court for direction;

h. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (h) stenographers engaged to transcribe depositions conducted in this action; and (i) this Court, including any appellate court, and the court reporters and support personnel for the same.

i. stenographers engaged to transcribe depositions conducted in this action; and

j. this Court, including any appellate court, and the court reporters and support personnel for the same.

**B.** Recipients of Designated Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Designated Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

**C.** Nothing in this Protective Order will prevent any person subject to it from producing any Designated Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

**D.** Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**E.** Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

## V.   COURT PROCEDURES

**A.** Documents may be filed under seal only as provided in Rule I.D.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases. The Parties shall use their best efforts to minimize such sealing.

All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**B.** Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Designated Discovery Material itself, and not text that in no material way reveals the Designated Discovery Material.

## VI. MISCELLANEOUS

**A.** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.

**B.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**C.** This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

**D.** Nothing herein shall be construed to affect in any way the evidentiary admissibility or relevance of any document, testimony, or other matter at any court proceeding related to this matter. Neither designation or lack of designation of documents or information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," nor agreeing to treat documents produced under those designations pursuant to this Agreement, constitutes any admission or acknowledgement that any such documents or information do or do not constitute trade secrets or proprietary information or do or do not enjoy any other legal status, and is inadmissible for any such purpose.

      **E.** This Order is intended to be and is a qualified protective order within the meaning of 45 C.F.R. § 164.512.

      **F.** The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

IT IS SO ORDERED, this ___30th___ day of _____March_____, 2026.

                                           **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* JOHN DOE,<br><br>            *Plaintiff-Relator,*<br><br>        v.<br><br>ROTECH HEALTHCARE, INC. *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-02921-LGS<br><br>NON-DISCLOSURE |

I,_____ , acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only ("Designated Discovery Material"). I agree that I will not disclose such Designated Discovery Material to any other person; that I will not use such Designated Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the Producing Party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:   _____          _____

12