UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES et al. ex rel. JEFF HUANG,

                           Plaintiffs,

                -against-

ROTECH HEALTHCARE, INC., et al.,

                      Defendants.

------------------------------------------------------------X

21 Civ. 2921 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in an April 28, 2026, letter (the "Motion to Seal"), Defendants Rotech Healthcare, Inc. and all named affiliates request to seal portions of Relator Jeff Huang's Fourth Amended Complaint (the "Complaint"). Relator opposes the sealing of the Complaint. For the reasons below, Defendants' Motion to Seal is denied without prejudice to renewal.

**Background**

WHEREAS, Relator filed the Complaint on April 24, 2026. The Complaint alleges the following: Defendants rent respiratory equipment, including non-invasive ventilators ("NIVs"), to patients insured by government insurance programs. Defendants submitted false reimbursement claims for this equipment to the government in violation of the False Claims Act and corresponding state statutes. Defendants' reimbursement claims are fraudulent because (1) Defendants do not ensure that the equipment is medically necessary and reasonable for the patients as required by statute and (2) the claims are tainted by unlawful kickback practices.

WHEREAS, the Complaint contains information that Defendants produced in discovery and designated as confidential pursuant to the parties' Stipulated Protective Order. Relator

redacted that information from the publicly-filed version of the Complaint and filed a sealed version of the Complaint highlighting the redactions.  Relator contends, however, that the redactions are not warranted and that the information should not remain sealed.

WHEREAS, on April 28, 2026, Defendants filed the Motion to Seal.  Defendants argue that the redacted information constitutes (1) confidential business information, disclosure of which would cause competitive harm to Defendants and (2) information produced to the Department of Justice ("DOJ") pursuant to a Civil Investigative Demand ("CID"), disclosure of which could undermine government enforcement efforts by "discourag[ing] future cooperation with government investigations and erod[ing] incentives for companies to share [audit] results." Defendants assert that the redactions are narrowly tailored, covering "only discrete data points while leaving the complaint's sixty-eight-page narrative intact."

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1]  *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

2

"competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protection of the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, encouraging cooperation with law enforcement, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *Spencer-Smith v. Ehrlich*, No. 23 Civ. 2652, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025).

**Discussion**

WHEREAS, Defendants' Motion to Seal is denied without prejudice to renewal. The Complaint is a judicial document entitled to a strong presumption of public access. While competing considerations may overcome the presumption of public access to portions of the documents, the proposed redactions -- which cover entire paragraphs of the Complaint -- are not narrowly tailored.

WHEREAS, the Complaint is a judicial document subject to a presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("We . . . easily conclude that a complaint is such a document.").

3

WHEREAS, the Complaint is afforded a strong -- if not the utmost -- presumption of public access.  "[T]he weight of the common law presumption of access [is] based on 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *United States v. Greenwood*, 145 F.4th 248, 254 (2d Cir. 2025) (quoting *Lugosch*, 435 F.3d at 119).  "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."  *Giuffre v. Maxwell*, 146 F.4th 165, 177 (2d Cir. 2025).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  "Courts commonly seal documents containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."  *United States ex rel. Ahmed v. Pfizer Inc.*, No. 18 Civ. 870, 2026 WL 296573, at *5 (S.D.N.Y. Feb. 4, 2026).  However, only redactions "actually hiding" trade secrets, proprietary information or confidential business information are allowed.  *Bristol-Meyers Squibb Co. v. Novartis Pharma AG*, No. 22 Civ. 4162, 2022 WL 2133826, at *5 (S.D.N.Y. June 14, 2022).

WHEREAS, another consideration that may override the presumption of public access is the interest of law enforcement.  *See Amodeo*, 71 F.3d at 1050.  For example, "[i]f release [of the information] is likely to cause persons in the particular or future cases to resist involvement where cooperation [with law enforcement] is desirable, that effect should be weighed against the presumption of access."  *Id.*  However, the fact that information was previously produced to the

DOJ pursuant to a CID is not dispositive.  *See United States v. McKesson Corp.*, No. 15 Civ. 903, 2022 WL 2286950, at *1-2 (S.D.N.Y. June 22, 2022) (denying motion to seal complaint where allegations were drawn from documents originally produced in response to a CID and noting that such material "might not overcome the presumption of public access once it becomes a judicial document").

WHEREAS, these competing considerations may be sufficient to overcome the presumption of public access to portions of the Complaint.  However, the proposed redactions are not narrowly tailored to serve the public interest.  *See Lugosch*, 435 F.3d at 120.

WHEREAS, Defendants seek to redact "granular, product-line-specific audit findings, precise compliance rates, claims volumes, dollar amounts, and resulting alleged damages calculations."  Defendants argue that the disclosure of this information "would provide competitors with detailed insight into [Defendants'] compliance infrastructure, business volumes, and revenue and margin composition across specific, competitive product lines."  Defendants further argue that because this information was produced pursuant to a CID, public disclosure of the information would discourage future cooperation with government investigations.  According to Defendants, the redactions are narrowly tailored because they "remove only specific compliance percentages, claim counts, and dollar figures whose disclosure would cause competitive and investigative harm without meaningfully advancing public understanding of the proceedings."

WHEREAS, a review of the redactions reveals that they do not accord with Defendants' characterization and are not narrowly tailored.  The redactions cover not only the "discrete data points" identified by Defendants, but also the broader narrative surrounding that information, obscuring the nature of the Complaint's allegations.  Paragraphs 160 and 170 of the Complaint

contain no specific compliance percentages, claim counts or dollar figures.  Rather, those paragraphs allege that audits of claims data carried out by Defendants were insufficient.  Parties may not "simply seek to redact facts that cast them in an unfavorable light."  *eShares, Inc. v. Talton*, No. 22 Civ. 10987, 2025 WL 936921, at *23 (S.D.N.Y. Mar. 27, 2025).

WHEREAS, it is also unclear why certain information is redacted when other similar information is not.  For example, paragraph 151(v) of the Complaint, which contains allegations regarding NIV recipient "Patient E," is redacted, but paragraphs 151(i)-(iv) and 151(vi) -- which contain similar allegations regarding other patients receiving NIVs -- are not.

WHEREAS, while some of the redacted material may ultimately warrant protection from public disclosure, whether because the material constitutes confidential business information or because the material was disclosed in connection with a government investigation, the proposed redactions are not narrowly tailored to shield only that material.  Rather, the redactions are overbroad and obscure the substance of the Complaint's allegations.  For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Seal is **DENIED** without prejudice to renewal. The Complaint currently filed under seal at Dkt. No. 83 shall remain under seal at this time.  By **May 29, 2026**, Defendants shall file a renewed motion to seal proposing revised, narrowly tailored redactions consistent with this Order.  If no such motion to seal is timely filed, the Court will direct the Clerk of Court to unseal the Complaint.

Dated: May 22, 2026
      New York, New York

                          LORNA G. SCHOFIELD
                        UNITED STATES DISTRICT JUDGE