
**FOLEY & LARDNER LLP**

321 N CLARK ST.
SUITE 3000
CHICAGO, IL 60654-4762
312.832.4500 TEL
312.832.4700 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
312.832.4363
lnoller@foley.com

CLIENT/MATTER NUMBER
094504-0132

May 29, 2026

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse, Courtroom 1106
40 Foley Square
New York, NY 10007

Relator shall file any letter response to Defendants' renewed motion to seal by **June 4, 2026**. So Ordered.

Dated: June 1, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Via ECF**

> **RE:** ***United States et al. ex rel. John Doe v. Rotech Healthcare, Inc. et al.*, 1:21-cv-02921-LGS (S.D.N.Y.)**

Dear Judge Schofield:

We write on behalf of all Defendants (collectively, Rotech) pursuant this Court's May 22, 2026 Order (ECF No. 88), which denied Rotech's prior motion to seal without prejudice and directed Rotech to file a renewed motion proposing revised, narrowly tailored redactions. Rotech does so here.

### I. Background

Relator filed two versions of the FAC: a publicly filed version with certain redactions and a sealed version highlighting those redactions, consistent with Section I(D)(3) of the Court's Individual Rules. Rotech filed a letter requesting maintaining the redactions. ECF No. 84.

On May 22, 2026, the Court denied Rotech's motion without prejudice, finding Relator's proposed redactions of entire paragraphs were not narrowly tailored. ECF No. 88. Specifically, the Court identified two deficiencies: (1) the redactions obscured the broader narrative surrounding the data rather than targeting only discrete data points; and (2) certain paragraphs which contain no specific compliance percentages, claim counts, or dollar figures were redacted without justification. *Id*. at pg. 5-6. Additionally, the Court noted it was unclear why certain information was redacted when other similar information was not. *Id*. at pg. 6.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NASHVILLE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



## II.    Revised, Narrowly Tailored Redactions

In compliance with the Court's Order, Rotech has revised the proposed redactions to address each of the Court's concerns. The revised redactions eliminate paragraph-level redactions and instead target discrete data points and references to confidential investigative materials within those paragraphs to consistently address only the most sensitive material. Specifically, Rotech proposes to redact the following categories of information:

- <u>Internal Audit Results and Government Investigation Data.</u> References to specific parameters of randomized audits conducted in connection with the government's pre-unsealing investigation, including sample sizes, compliance standards, and quoted language Rotech provided to the Government regarding audit results. These redactions protect specific disclosures produced under the Civil Investigative Demand while leaving the surrounding narrative intact.

- <u>Confidential Financial and Operational Data.</u> Precise claims volume figures, specific dollar amounts billed to payors, which payors the dollar amounts were allegedly billed to, and resulting alleged damages calculations.

*See* FAC ¶¶ 157–59, 167–69, 171, 177–79, and Fn. 48-49.

Rotech has removed from the proposed redactions all other narrative and argumentative text, including paragraphs 151(v), 160, 170, and 171.

## III.    The Revised Redactions are Justified

The revised redactions satisfy the applicable legal standard. The presumption of public access to judicial documents may be overcome where "specific, on-the-record findings" demonstrate "sealing is necessary to preserve higher values" and is "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

<u>Confidential Business Information</u>. The proposed redacted data points, including specific compliance percentages, precise claims volumes, exact dollar amounts, total patient population figures, and granular internal audit results across identified product lines, constitute genuinely proprietary operational data not otherwise publicly available. Rotech operates in a highly competitive industry, where competitors closely monitor billing volumes, payor mix, and revenue composition. Disclosure of these specific figures would provide competitors with detailed, quantified insight into Rotech's billing volumes, revenue composition, and margin structure across specific competitive product lines which could be actionable intelligence used to target Rotech's customer relationships and pricing strategies, causing "clearly defined and very serious injury." *United States v. Int'l Bus. Machs. Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975); *see Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "detailed confidential financial information"); *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*,



748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024) (sealing proprietary product-level data where request was "narrowly tailored"). Courts routinely seal documents containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *United States ex rel. Ahmed v. Pfizer Inc.*, 2026 WL 296573, at *5 (S.D.N.Y. Feb. 4, 2026) (internal quotation marks and citations omitted).

Law Enforcement Interests. Rotech produced the redacted data to the Department of Justice (DOJ) pursuant to a Civil Investigative Demand (CID) as part of an active government investigation before this lawsuit was unsealed. The proposed redactions specifically target Rotech's statements to the government regarding audit results and compliance rates, where Rotech made such statements in reliance on the CID's confidentiality protections. These statements were provided candidly to facilitate the government's investigation and declination in the case, and their public disclosure through *qui tam* litigation would undermine the confidentiality expectations that encouraged such cooperation. Public disclosure of these specific investigative statements would discourage future cooperation with government investigations by signaling candid responses to CIDs will be disclosed to the public through *qui tam* litigation, thereby chilling the willingness of regulated entities to provide forthright information in future investigations. The Court recognized in its Order such law enforcement interests may constitute a competing consideration sufficient to overcome the presumption of public access. ECF No. 88 at 4; *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[i]f release [of the information] is likely to cause persons in the particular or future cases to resist involvement where cooperation [with law enforcement] is desirable, that effect should be weighed against the presumption of access").

Narrow Tailoring. Even with these redactions, every factual allegation, every description of the alleged fraudulent scheme, and every category of alleged harm remains fully visible to the public. The revised redactions leave intact: (i) the full narrative of paragraphs 160 and 170; (ii) the Patient E example in paragraph 151(v) and Patient I example in paragraph 171;[1] (iii) all descriptions of Rotech's alleged practices and types of deficiencies alleged; and (iv) all legal arguments and conclusions. The redactions shield only specific numerical figures and Rotech's verbatim statements to DOJ, whose disclosure would cause competitive and investigative harm without advancing public understanding of the proceedings.

Pending Motion to Dismiss. Additionally, on May 22, 2026 Rotech filed a Motion to Dismiss the FAC. If the motion is granted, any possible public interest in the specific data embedded in the redacted figures will be substantially diminished, while the competitive harm to Rotech from disclosure would be irreversible. *See Encyclopedia Brown*, 26 F. Supp. 2d at 614; *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). At a minimum, maintaining narrowly tailored redactions until the Court resolves the motion to dismiss preserves the status quo.

---

[1] Relator redacted certain patient examples as those examples were identified from Rotech's produced materials rather than Relator's independent knowledge.



## IV.     Conclusion

For the foregoing reasons, Rotech respectfully requests the Court approve the revised, narrowly tailored redactions proposed herein. The redactions target only discrete numerical data points and permit the public to fully understand the claims and proceedings. The revised redactions address each deficiency identified in the Court's May 22, 2026 Order.

In the alternative, Rotech respectfully requests that the Court maintain the redactions in the publicly filed version of the FAC until after the Court rules on Rotech's pending motion to dismiss.

Respectfully submitted,

**Foley & Lardner LLP**

*/s/ Phara A. Guberman*
Phara A. Guberman
90 Park Avenue
New York, NY 10016
Tel: (212) 338-3514
Fax: (212) 687-2329
phara.guberman@foley.com

Lisa Noller (admitted *pro hac vice*)
321 N Clark St., Suite 3000
Chicago, IL 60654-4762
Tel: (312) 832-4500
Fax: (312) 832-4700
lnoller@foley.com

Kara Sweet (admitted *pro hac vice*)
1144 15th Street, Suite 2200
Denver, CO 80202
Tel: (720) 437-2002
Fax: (720) 437-2200
ksweet@foley.com

***Attorneys for Defendant Rotech Healthcare Inc***.

cc:     All Counsel (via ECF)