UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES et al. ex rel. JEFF HUANG, Plaintiffs, -against- ROTECH HEALTHCARE, INC. et al., Defendants. | 21 Civ. 2921 (LGS) ORDER |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants Rotech Healthcare, Inc. and all named affiliates renew their motion to seal portions of Relator Jeff Huang's Fourth Amended Complaint (the "Complaint"). Relator opposes. For the reasons below, Defendants' motion (the "Renewed Motion to Seal") is denied.

**Background**

WHEREAS, after the Government declined to intervene in this action, an Order dated September 15, 2025, directed that the action be unsealed.

WHEREAS, Relator filed the Complaint on April 24, 2026. The Complaint alleges Defendants rent respiratory equipment to patients insured by government insurance programs. Defendants submitted false reimbursement claims for this equipment to the government in violation of the False Claims Act and corresponding state statutes. Defendants' reimbursement claims are fraudulent because (1) Defendants do not ensure that the equipment is medically necessary and reasonable for the patients as required by statute and (2) the claims are tainted by unlawful kickback practices.

WHEREAS, the Complaint contains information that Defendants produced in discovery and designated as confidential pursuant to the parties' Stipulated Protective Order. Relator redacted that information from the publicly-filed version of the Complaint and filed a sealed version of the Complaint highlighting the redactions. Relator argued, however, that the redactions are not warranted and that the information should not remain sealed.

WHEREAS, on April 28, 2026, Defendants filed a letter (the "Initial Motion to Seal") requesting that the redacted information be kept under seal. By Order dated May 22, 2026, the Initial Motion to Seal was denied without prejudice to renewal. *United States ex rel. Huang v. Rotech Healthcare, Inc.*, No. 21 Civ. 2921, 2026 WL 1453588, at *3 (S.D.N.Y. May 22, 2026). The Order concluded that the proposed redactions were "overbroad and obscure[d] the substance of the Complaint's allegations" and directed Defendants to file a renewed motion to seal that proposes revised, narrowly tailored redactions. *Id.*

WHEREAS, on May 29, 2026, Defendants filed the Renewed Motion to Seal, which proposes a narrower set of redactions to the Complaint (the "Proposed Redactions"). The Renewed Motion to Seal seeks to redact claims data, including claim volumes and dollar amounts, and internal audit results that Defendants produced to the Department of Justice ("DOJ") prior to the unsealing of this action pursuant to a Civil Investigative Demand ("CID"). The Renewed Motion to Seal argues that the redacted information constitutes (1) confidential business information, disclosure of which would cause competitive harm to Defendants and (2) information produced in response to a government investigation, disclosure of which would undermine government enforcement efforts by "chilling the willingness of regulated entities to provide forthright information in future investigations."

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document, either in part or in its entirety. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1] *Lugosch*, 435 F.3d at 119. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protection of the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, encouraging cooperation with law enforcement, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *Spencer-Smith v. Ehrlich*, No. 23 Civ. 2652, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025).

WHEREAS, the presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

serve that interest." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *LL Funds Admin. Agent, LLC v. Fifth Third Bank, N.A.*, No. 24 Civ. 5496, 2025 WL 2254574, at *2 (S.D.N.Y. Aug. 7, 2025).

**Discussion**

WHEREAS, Defendants' Renewed Motion to Seal is denied. The Complaint is a judicial document entitled to a strong presumption of public access. The competing considerations raised by the Renewed Motion to Seal are insufficient to overcome this presumption of public access.

WHEREAS, the Complaint is a judicial document subject to the presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("easily conclud[ing]" that a complaint is "a judicial document").

WHEREAS, the Complaint is afforded a strong -- if not the utmost -- presumption of public access. "[T]he weight of the common law presumption of access [is] based on 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *United States v. Greenwood*, 145 F.4th 248, 254 (2d Cir. 2025) (quoting *Lugosch*, 435 F.3d at 119). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Giuffre v. Maxwell*, 146 F.4th 165, 177 (2d Cir. 2025).

WHEREAS, the considerations raised by Defendants do not overcome the strong presumption of public access to the Complaint.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). "Courts commonly seal documents containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *United States ex rel. Ahmed v. Pfizer Inc.*, No. 18 Civ. 870, 2026 WL 296573, at *5 (S.D.N.Y. Feb. 4, 2026). However, "[t]o justify sealing on the ground that a party's business interests may be harmed, that party must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Alix v. McKinsey & Co.*, 739 F. Supp. 3d 172, 193 (S.D.N.Y. 2024).

WHEREAS, Defendants argue that the Proposed Redactions contain confidential business information, disclosure of which would "provide competitors with detailed, quantified insight into [Defendants'] billing volumes, revenue composition, and margin structure across specific competitive product lines which could be actionable intelligence used to target [Defendants'] customer relationships and pricing strategies." Defendants, however, do not clearly explain how the specific data points they seek to redact -- (1) the number of claims Defendants submitted to government insurance programs and the dollar amounts they received in reimbursement between 2015 and 2020 and (2) internal audit results identifying the number of noncompliant patients for which Defendants submitted claims during the same period -- could be wielded by competitors to gain a competitive advantage. *See Slice Ins. Techs., Inc. v. Appalachian Underwriters, Inc.*, No. 24 Civ. 9803, 2025 WL 2958826, at *1 (S.D.N.Y. Oct. 17,

2025) (denying motion to seal where arguments for sealing were "broad, general and conclusory," noting that the party "must identify the competitive business interests that outweigh the presumption of public access for each specific piece of information that [they] propose[] to seal"). Even assuming that such information could be valuable to competitors, the specific information Defendants seek to redact is many years old, making it less likely to provide meaningful competitive insight. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 MD 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (explaining that the older business information is, the less appropriate it is to seal that information, particularly without a specific showing that its disclosure would still cause competitive harm).

WHEREAS, to the extent that Defendants seek to redact unfavorable audit results, including the information in paragraphs 158-59, 168-69 and 178-79 of the Complaint, the mere fact that those results may "cast [Defendants] in an unfavorable light" is not, on its own, a basis for sealing. *See eShares, Inc. v. Talton*, No. 22 Civ. 10987, 2025 WL 936921, at *23 (S.D.N.Y. Mar. 27, 2025). Defendants also seek to redact the portions of paragraph 171 stating that Defendants submitted patient data to the Government, but that fact has already been publicly disclosed in filings in this action, including the Renewed Motion to Seal.

WHEREAS, another consideration that may override the presumption of public access is the interest of law enforcement. *See Amodeo*, 71 F.3d at 1050. For example, "[i]f release [of the information] is likely to cause persons in the particular or future cases to resist involvement where cooperation [with law enforcement] is desirable, that effect should be weighed against the presumption of access." *Id.*

WHEREAS, Defendants argue that the Proposed Redactions contain information they disclosed to the DOJ in response to a CID and in reliance on the CID's confidentiality

protections, and that disclosure of this information would discourage future cooperation with government investigations. However, the fact that information was previously produced to the DOJ pursuant to a CID is not persuasive or dispositive. *See United States v. McKesson Corp.*, No. 15 Civ. 903, 2022 WL 2286950, at *1-2 (S.D.N.Y. June 22, 2022) (denying motion to seal complaint where allegations were drawn from documents originally produced in response to a CID and noting that such material "might not overcome the presumption of public access once it becomes a judicial document"). A CID is a compulsory investigative process, not a request for voluntary cooperation. *See* 31 U.S.C. §§ 3733(a), (j). Defendants have not explained how disclosure of information they were legally required to produce would cause recipients of future CIDs to withhold responsive information. Nor do Defendants identify any particular information in the Proposed Redactions that they volunteered beyond the CID's requirements, or any other form of discretionary cooperation that disclosure could deter.

WHEREAS, the statutory framework governing CIDs under the False Claims Act does not exempt CID materials from the ordinary rules governing public access to judicial documents. While § 3733 exempts CID materials from disclosure under the Freedom of Information Act, *see* 31 U.S.C. § 3733(k), and limits their availability for examination while they remain in the DOJ custodian's possession, *see id.* § 3733(i)(2)(C), the statute also recognizes that CID materials may later "pass[] into the control of [a] court" through "introduction into the record" of a judicial proceeding, *see id.* § 3733(i)(3)-(4). Nothing in § 3733 requires that information be sealed merely because it was originally produced in response to a CID. *See McKesson*, 2022 WL 2286950, at *1-2. For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Renewed Motion to Seal is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 96 and to unseal Dkt. Nos. 83, 90, 97, 101 and 104, including all associated exhibits.

Dated: July 31, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE